## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIA CRUZ CRUZ**<br><br>**Plaintiff**<br><br>Vs.<br><br>**SAN JUAN ABSTRACT CO. AND / OR STEWART TITLE PUERTO RICO, INC; STEWART TITLE GUARANTY COMPANY; STEWART INFORMATION SERVICES; STEWART TITLE CORP; MARITZA BRIMEYER QUEZADA; JOHN DOE AND RICHARD ROE**<br><br>**Defendants** | **CASE NO.**<br><br>**CIVIL ACTION**<br><br>**AGE DISCRIMINATION AND OTHE R FEDERAL AND STATE CLAIMS** |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW PLAINTIFF** before this Honorable Court, through their undersigned attorney and respectfully pray and alleges as follows:

### DEMAND FOR JURY TRIAL

1. Plaintiff demands a jury trial of all issues so triable.

### NATURE OF THE ACTION

2. This is an action for monetary damages, a declaratory judgment, permanent injunctive relief and reasonable attorneys fees and costs brought by plaintiff Maria Cruz Cruz and against defendants.  Plaintiff brings this action before this Honorable Court to remedy the violation of her constitutional rights pursuant to the Fourteenth Amendment of the Constitution of the United States of America and the depravation of the rights secured to her under the **Age Discrimination in Employment Act (ADEA), 29 USC §§ 621 et seq. and Title VII of the Civil Rights Act of 1964 (" Title VII"), 42 USC. § 2000e-2(a) (1) 42 USC . 1983, and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321**

**et seq...; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),** seeking redress for the discriminatory actions of defendants against Plaintiff on the basis of her age which were part of the pattern of discriminatory acts against her and led to her demotion to an inferior to the norm job position.  It is specifically alleged in this Complaint that defendants intentionally violated these dispositions so as to discriminate against Plaintiff due to Plaintiff Maria Cruz Cruz's age.

3.  With  regard to the violations of the constitutional rights it is specifically alleged that Plaintiff, due to Plaintiff's age, and her exercise of her constitutional rights and her request for due process and for redress of her grievances was in fact  subjected to what in fact constituted a discriminatory pattern since 2012 as will be explained in the Factual Allegations of this Complaint.

4. This is an action for damages and for declaratory and injunctive relief brought by Plaintiff MARIA CRUZ CRUZ against defendants.  Plaintiff Maria Cruz Cruz brings this action before this Honorable Court to remedy the depravation of rights secured to her under Age Discrimination in Employment Act (ADEA), **29 USC 621 et seq. and under Title VII of the Civil Rights Act of 1964 (" Title VII") , 42 USC 1983, 42 USC. § 2000e-2(a) (1) et  seq, among others.** The court has jurisdiction over this action under 28 USC §1331 because the case arises under the Constitution and laws of the United States and under 28 USC §1343 (a)(4) because the plaintiff seeks relief under an act of Congress for the protection of Civil Rights.

5. Plaintiff also requests payment of wages and benefits lost, violations to the Equal Pay Act, and an additional amount as liquidated damages, plus attorneys fees and costs.

6.  In addition this action is brought under the provisions of the Civil Rights Act of

1871, 42 USC §2000(e) et seq.and under 29 USC §621 et seq. It is specifically alleged that defendants intentionally violated these dispositions so as to discriminate against Plaintiff, due to her age, and also in retaliation under 42 USC 1983, 29 USC §621 et seq and 2000(e).

7. This Court's supplemental jurisdiction is also invoked to entertain Plaintiff Maria Cruz Cruz's causes of action pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to her by the tortuous acts and omissions of the defendants which were the proximate cause of her emotional stress and mental anguish as well as the anxiety caused to her by defendants by their discriminatory actions to which the Plaintiff was subjected.  Also, supplemental jurisdiction is invoked to entertain Plaintiff Maria Cruz Cruz's causes of action pursuant to Puerto Rico Law No. 44; Law 100 of June 30, 1959, 29 LPRA §146, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),  Law 80 of May 30, 1976 as amended (Wrongful Discharge), Law 115  of December 20, 1991, 29 LPRA §194.  Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain her complaint as provided by 28 USC 1367, also pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico 1 LPRA §13 et seq; and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq...; Act No. 17, of April 22, 1988, 29 L.P.R.A., or existence of a federal question, pursuant to 28 USC § 1332 (a)(1). Furthermore Supplemental Jurisdiction of this Honorable Court is invoked to hear and adjudicate the claims arising under Puerto Rico laws pursuant to 28 USC §1367.

8. Plaintiff Maria Cruz Cruz filed an administrative complaint against defendants

before the Anti Discrimination Unit of the Department of Labor and the Equal Employment Opportunity Commissions (EEOC), for the San Juan Region, under the Age Discrimination Act, 29 USC 623 et seq. and 42 USC2000 (e)  On January 26, 2014 Plaintiff Maria Cruz Cruz filed a Right to Sue Letter with regard to said administrative complaints before the Antidiscrimination Unit . On May 20,  2014 Plaintiff received from the Equal Employment Opportunity Commission (EEOC) of the Department of Justice in Washington, D.C. the requested Right To Sue Letter, dated May 14,  2014 .  The same was sent to the physical address of the undersigned attorney instead of our postal address.   Copy of the Right To Sue is made part. .

9.   Plaintiff was subjected, due to her age, and her exercise of her constitutional rights and for redress of her grievances to what constituted a discriminatory pattern since 2012, and which continued until she was unjustifiedly dismissed last **October, 7, 2013** as part of said pattern of discrimination.

10.   Previous to her unjustified dismissal defendants had changed Plaintiff's conditions of employment to an alter work situation unreasonably inferior and unduly assigned her to perform other kind of work, reducing her area of work at times and at other times adding excessive work without additional pay or without assigning anyone to help her in doing it and divesting her of most of her previous duties which was really a demotion for her, as part of their pattern of discrimination and retaliatory acts as will be further explained in this Complaint.  In addition new assignments of work for which Plaintiff had the knowledge and capacity to perform, were instead assigned to younger employees with less seniority and experience in the company.

11. Plaintiff further requests her reinstatement to her former work with her previous duties according to her former job description; corrections of her unduly made personnel

transactions which represented and were in fact demotions; promotions; any wages and /or benefits lost; and an additional amount as liquidated damages plus attorneys fees and costs, as well as punitive damages.

## JURISDICTION

12.  This action is brought pursuant to 42USC§§2101 et seq, Age Discrimination in Employment Act (ADEA) 29 USC 621 et seq, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC 1983, 42 USC 2000e- 2(a) (1) et seq , the Equal Pay Act, and the Fourteenth Amendment of the United States Constitution and 28 USC 1331 and 1343. Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain Plaintiff as provided by 28 USC 1367 pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico, 1 LPRA §13 et seq; Law 115 of December 20th, 1991; 29 LPRA §194 and Articles 1802 and 1803 of the Puerto Rico Civil Code, and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq.; Law 100 of June 30, 1959, 29 LPRA 146 as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),

13  This is also an action for declaratory judgment, permanent injunctive relief, compensatory and punitive damages, and attorneys fees and costs for which Plaintiff requests redress for the violation on the part of defendants of her constitutional rights to freedom of speech, protected by the Fourteenth Amendment of the United States Constitution and by Article II, Section 1,4, 6, 7, 8, and 16  of Article II (Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.  Plaintiff further alleges that defendants are liable under Article 1802 and 1803 of the Puerto Rico Civil Code (31 LPRA §5141).

This action is also brought pursuant to the 28 USC 1331 and 28 USC 1367.  In addition this action is brought under the provisions of the Civil Rights Act of 1871, 42 USC §§2000 (e) et seq.  It is specifically alleged that defendants intentionally violated these dispositions so as to discriminate against Plaintiff due to her age  and also in retaliation under 42 USC 2000 (e) et seq  for having claimed her rights to her supervisor before.  Said violations were done and continue to do so under color of state or territorial law.

14.  Plaintiff also alleges violation of her constitutional rights due to her age, and her exercise of her constitutional rights, freedom of association, and claims redress of her grievances was subjected to what in fact constitutes a discriminatory pattern and retaliation against her as will be hereinafter explained and alleged in this complaint.

15. Also, supplemental jurisdiction is invoked to entertain Plaintiff Maria Cruz Cruz's causes of action pursuant to articles1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to her by the tortuous acts and omissions of the defendants which were the proximate cause of her emotional stress and mental anguish as well as the anxiety caused to her by defendants by their discriminatory actions to which the Plaintiff was subjected. Furthermore supplemental jurisdiction is invoked to entertain Plaintiff Maria Cruz Cruz's causes of action pursuant to Puerto Rico Law No. 44 of July 2, 1989; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"), and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq.. Plaintiff also invokes supplemental jurisdiction of this Honorable Court to entertain her complaint as provided by 28 USC 1367, pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article

II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico 1 LPRA §13 et seq; Law 100 of June 30, 1959, 29 LPRA §146; Law 115 of December 20, 1991, 29 LPRA §194.

16.   The District Court of Puerto Rico is the proper venue to bring this action, because the acts and circumstances giving rise to this case occurred within said Federal Judicial District.

## PARTIES

17.   Plaintiff is an adult and at all times relevant to this complaint is and has been both an American Citizen and resident of the Commonwealth of Puerto Rico.

18.   **Plaintiff María Cruz Cruz**, hereinafter referred to as Cruz, at all times relevant to this Complaint was, since August 15, 1989, and until October 7, 2013, an employee of San Juan Abstract, Corp., now known as Stewart Title of Puerto Rico, Inc., which was a subsidiary of Stewart Title Puerto Rico, Inc; and Stewart Title Guaranty Company.  Said company at all times relevant to this case has been and is a subsidiary of Stewart Title Corp., as well as of Stewart Title Guaranty Corp. and of the parent company Stewart Information Services Corp..

19.   **Co defendant San Juan Abstract Company and /or Stewart Title Puerto Rico, Inc**. are corporations organized under the laws of the Commonwealth of Puerto Rico. At the moment of the facts  of this case they employed more than 25 employees. At the same time they are subsidiaries of Stewart Title, Stewart Title Guaranty and Stewart Information Services Corp.   All of this defendants together through their employees have continued doing the work that had previously been done by San Juan Abstract and/or Stewart Title Guaranty. Stewart Title Guaranty Company at all times has

been and is a subsidiary of Stewart Information Services Corporation.   The **defendant Maritza Quesada works for the corporations which are codefendants in this case as executive and/ or supervisor and /or in a managerial position acting as agent of the other defendants in this case,** and is responsible for her intentional acts and / or omissions against Plaintiff for she at all times relevant to the facts of this case acted as their agent as stated above, and as such retaliated against Plaintiff, violated her constitutional rights, and discriminated against her due to her age, and tortuously interfered with Plaintiff's work, among others, which caused Plaintiff serious damages**. San Juan Abstract, Company and/or Stewart Title Puerto Rico, Stewart Title Corp., Stewart Title Guaranty Company and their parent company Stewart Information Services Corp** are a "person" within the meaning of 29 U.S.C. 630 (a) and 42 U.S.C.2000e(a) and are an employer within the meaning of 29 U.S.C. 630 (b) and 42 U.S.C.2000e(b). In addition  San Juan Abstract, Company.and/or Stewart Title Puerto Rico, Inc., as well as the other corporations  are  engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. 630 (h) and 42 U.S.C. 2000e.

20. **Co defendant Stewart Information Services Corp**. is a corporation that was incorporated under the laws of Delaware on March 25, 1970.  It provides title insurance and real estate services, and operates in two segments, Title Insurance Related Services and Real Estate Information.  **Its address is as follows: 1980 Post Oak Boulevard, Suite 800, Houston, Texas 77056.   Among its principal officers are the following: Edward Douglas Hodo, Chairman and Stewart Morris, Vice Chairman & President. It has 5, 600 employees.**

21. **Among Stewart Information Services subsidiaries are the following corporations, also codefendants in this case: San Juan Abstract Company, now**

**Stewart Title of Puerto Rico, Inc.; Stewart Title Guaranty Company; and Stewart Title**

**Company.**

22.  **Co defendant San Juan Abstract Company, now Stewart Title of Puerto**

**Rico, Inc.** since December 18, 2013, is a corporation organized and incorporated under

the laws of Puerto Rico.  Its physical current address is as follows: MCS PLAZA Suite

1207,  255 Ponce De León Avenue, Hato Rey, San Juan, Puerto Rico 00917 and its

postal address is the same. CT Corporation System is its Resident Agent and its physical

address is 361 San Francisco St., 4th Floor, San Juan, Puerto Rico 00901 and its Postal

Address is PO Box 9022946, San Juan, Puerto Rico 00902.

23.  **Co defendant Stewart Title Company is a wholly owned subsidiary of**

**Stewart Information Services Corp. (NYSE-STC),** a customer driven, technology-

enabled, strategically competitive, real estate information, title insurance and transaction

management company.  Stewart provides title insurance and related information services

required for settlement by the real estate and mortgage industries throughout the United

States and international markets, which includes Puerto Rico.  Stewart also provides post-

closing lender services, automatic county clerk land records, property ownership mapping,

geographic information systems, property information reports, flood certificates, document

preparation, background checks and expertise in tax-deferred exchanges.   **This**

**corporation supervises the operations of San Juan Abstract Company, now known**

**as Stewart Title Puerto Rico, Inc., together with Stewart Title Guaranty Company**

**which is also a subsidiary of Stewart Information Services, Corporation, also co**

**defendant in this case.**

24.  **Co defendant Stewart Title Guaranty Company is also a subsidiary of**

**Stewart Information Services Corporation as stated above and Stewart Title Puerto**

**Rico, Inc responds also to this corporation.**  Its President is Mr. Steve Lessack and **its Vice-President of Human Resources is Sacha Mitrakos.**  This codefendants physical address is as follows: Royal Bank Plaza, North Tower, 200 Bay Street, Suite 2600, Toronto, Ontario, M5J 2J2.  **Sacha Mitrakos is also a member of the Board of Directors of Stewart Title Puerto Rico, Inc.**

25. **Co defendant Maritza Brimeyer Quezada known as Maritza Quezada** at the time of the facts of this case and at present is Vice President and General Manager of Stewart Title Puerto Rico Inc., formerly San Juan Abstract Company.  She is also Managing Partner at M2M LLC.  She worked for Stewart Title from 2005 to October 2007, when she was transferred and promoted to San Juan Abstract as Operations Manager.  Soon thereafter she was promoted to the position of Vice President and General Manager of Stewart Title Puerto Rico Inc., formerly San Juan Abstract.  Her present address is 255 Ponce de León Ave.  Suite 1207, MCS Plaza, Hato Rey, Puerto Rico 00917.  Quezada is an adult resident of the Commonwealth of Puerto Rico and was the decision maker who possessed final authority to establish an operative policy at San Juan Abstract and /or Stewart Title following instructions from Stewart Information Services Corp with respect to some of the discriminatory actions against Plaintiff, and also was responsible for the implementation of defendants corporations employment policies, including hiring, promotion and reclassification, firing, and all matters related to employer - employee relations as well as other policies relating to compliance with other federal and state laws applicable to its employees. Also among these duties was to administer said corporations, establish and implement compensation, classification plans, evaluation standards and systems as to San Juan Abstract and / or Stewart Title Puerto Rico Inc., employees.  As will be explained further in this complaint, she is also personally and directly responsible

for some of the acts and/or omissions constituting discrimination and retaliation, violation of constitutional rights, and persecution which are part of this complaint and conspired with other co defendants to intentionally deprive Plaintiff of her rights as will be further explained in this Complaint.

26.  Defendant  Maritza Quezada at the time of the facts of this case was Plaintiff's supervisor and as such was personally and directly responsible for some of the acts and/or omissions constituting discrimination, retaliation, violation of constitutional rights, persecution which are part of this complaint.   She was also named Vice President of the Corporations

27.  Quezada, co defendant in this case, is  officially and personally responsible for the damages caused to plaintiff claimed in this Complaint due to Plaintiff Maria Cruz Cruz's age a fact known by defendants at the time of this action herein described creating to  Plaintiff  and  maintaining  towards  her  for  said  reasons,  among  others,  a hostile environment at work and finally unjustifiedly dismissing her.

28   Defendants John Doe and/or Richard Roe, are any and all persons which were also directly and or  indirectly  responsible to  Plaintiff for the causes of  actions which are part of this  complaint, due to their negligent and/or intentional acts and/or  omissions, whose  participation in the  facts of this case has not been fully determined at the moment of  filing the present complaint.  Their names will be notified to this Honorable Court .  As soon as their names and participation are known by Plaitiff through the discovery in this case.

29.  All the individual defendants are officially and personally responsible for the damages caused to plaintiff  claimed in this Complaint due to Plaintiff's age, a fact known by  defendants  at  the  time  of  this  action  herein  described  creating  to  Plaintiff  and

maintaining towards her for said reasons, among others, a hostile environment at work.

30.  All of said defendants are responsible to Plaintiff jointly and/or individually for the causes of actions of this Complaint.

## FACTUAL ALLEGATIONS

31.  As will be further explained hereinafter Plaintiff Maria Cruz Cruz was in the protected age group, had been performing, her work correctly suffered adverse employment actions due to her age, and the positions for which she qualified as well as the duties of the position occupied by her were given to  younger persons, and who were less qualified than Plaintiff for the position and with less seniority than she had. Furthermore Plaintiff was completly capable of continuing performing her work.

32. Plaintiff Maria Cruz Cruz filed a complaint before the Equal Employment Opportunity Commission Office through the Anti discrimination Office of the Department of Labor against defendants for discrimination under Title VIII of the Civil Rights Acts of 1964, Age Discrimination in Employment Act (ADEA) and 42 U S C A 2000 (e ), Charge UADAU 13-672 c 16H-2014-00034c in which charge Plaintiff alleged continuous acts of discrimination and/ or a pattern of age discrimination and retaliation.  This charge was filed against San Juan Abstract Company now known as Stewart Title Puerto Rico, Inc.; Stewart Title Guaranty Company which are subsidiaries of Stewart Title Corp. And Stewart Information Services which is the parent company and Mrs Maritza Quezada.

33.   Plaintiff files the present complaint in compliance with this authorization including other causes of action for which there was no need to file a previous Complaint before the Equal Employment Opportunities Commission.

34.  Throughout the years that Plaintiff worked for defendants she performed the duties assigned to her in an excellent manner.

35.  Defendant Corporations as part of the pattern of discrimination and retaliation against Plaintiff, assigned Plaintiff's duties to substantially younger employees with less experience and seniority than her.

36.  Maritza Quezada, Plaintiff's supervisor, was responsible for stripping Plaintiff of most of the duties of her position and assigning them to younger persons without any justification for taking said action.

37.  Plaintiff Maria Cruz Cruz started to work as a permanent employee for San Juan Abstract Company, later kown as Stewart Title Puerto Rico, Inc., on  May 19,  2003,

38.  Stewart Title Guaranty Company purchased fifty -one percent (51%) of San Juan Abstract Company's shares (stocks) previous to 2010.  Then by 2010 said entity, that is  Stewart  Title Guaranty Company and therefore its parent company Stewart Information Services,  had already bought the remaining of the shares and thus owned one hundred percent (100%) of the shares of San Juan Abstract Company . On said  year Mr. Eusebio Dardet had retired from the company due to health problems and his son attorney Pablo Dardet was named President of the Company.

39.  On the other hand, it should be noted that Plaintiff worked for San Abstract Co., now Stewart Title Puerto Rico, Inc., as professional services, for a period of one and a half years, from 1999 to 2000.  After said period of time her contract was not renewed and she could not continue working there due to the fact that she was not a permanent employee.

40.  After that she started to study Administration with a Mayor in Management at the University (Universidad del Este).  On 2003 while she was studying Plaintiff was recruited to work once again at San Juan Abstract as an employee and in the department of title searchs under the supervision of Mr. Fernando Nieto.  She was interviewed for this

position by Mr. Eusebio Dardet and Mr. Pablo Dardet and was immediately recruited by them for the position in said department.  Being that Plaintiff advised them that she was studying at night they agreed to give her flexible time so that on the days that she had night classes at the university.  Plaintiff could being to work earlier so that she could leave earlier  for the university to attend her classes.

41.   Therefore Plaintiff started to work at San Juan Abstract, now Stewart Title Puerto Rico, Inc., as a permanent employee as Data Entry on May 19, 2003 under the supervision of Mr. Fernando Nieto.

42.   In said position Plaintiff would attend personal calls from the clients, provide them the service requested by them, enter in the computer system the requests from the commercial clients (banks, attorneys, etc.) enter the requests from other external clients and prepare their invoices.  In addition she was in charge of giving them follow up so as to expedite the work.

43.  Several years afterwards Mr. Nieto, Plaintiff's supervisor, was fired (dismissed) from the company and Mrs. Yesika Rivera was promoted to be in charge of said department.  By this time that is May 2008, Stewart Title and Stewart Title Information Services had acquired approximately 51 % of San Juan Abstract Co's, shares.

44.  During these years Plaintiff completed her bachelor's degree in Administration and Management at UNE University.

45.  After Yesika Rivera was named for the position previously occupied by Nieto. Plaintiff was assigned to perform the duties of Rivera's position whenever Mrs. Yesika Rivera was outside the company on sick leave or vacations, which in fact she did on several occasions in addition to performing the duties of her position.

46.  On 2007 Plaintiff as well as the rest of San Juan Abstract's employees were notified that Maritza Quezada had joined San Juan Abstract and that she would be in charge of the area of systems and computers.

47.  On or about the beginning of 2012 or the beginning of 2013  Mr. Steve Lessack, President of Stewart Tittle Corp. and Stewart Title of Puerto Rico, Inc., (formerly San Juan Abstract Co. ) and Sasha Mitrakos from Stewart's Human Resources Department came to Puerto Rico to hold a meeting with employees of San Juan Abstract Company, now known as Stewart Title of Puerto Rico, Inc.  At the beginning of the meeting Mr. Lessack told the employees  that he had come to Puerto Rico to "clean the house."   Plaintiff was present at said meeting and of course was shocked by this statement as the rest of the employees.  However at said moment Plaintiff did not realize the extent of said statement and how it would affect her afterwards.  It was not until October 7, 2014 that she realized in fact what he had meant then for it was on that date that she was unjustly dismissed from the company.

48.  The acts of defendants from there on against Plaintiff and other employees that were more than fifty years old and had more seniority than other employees, as Plaintiff sadly realized several years later, were directed to exclude them and to try to force  them to resign to their positions.   Thus they started a pattern of discrimination against Plaintiff, among others

49. On November 2012 attorney Pablo Dardet is removed from his duties as President and Martiza Quezada remains administrating the company, employed directly by Stewart Title Guaranty Company, regional parent Company, which at the same time belonged to Stewart Information Services Corp which was by then the owner of San Juan

Abstract Company.   Quezada had been transferred to Puerto Rico since 2007 to be in charge of everything related to Computer Systems and Technology at the office.  Also Mr. Nicolás Dardet remained in the company as Vice President of San Juan Abstract Company.

50.  However even though Maritza Quezada's duties were supposed to be related to the company's Computer Systems and Technology, shortly thereafter, although she did not have any knowledge of the local labor laws, nor of the procedures established in some of the company's departments, nor knowledge of the office's personnel and of their respective duties and professional preparation nor of their relation with the clients, she started to be involved in the office's administration and taking and /or the making of decisions.

51.  On April 2013 Mr. Nicolás Dardet resigned as Vice President of the company and Maritza Quezada then is named by the parent companies Stewart Title Guaranty Company and Stewart Information Services, General Manager of San Juan Abstract Company and Vice President of Stewart Title Guaranty Company reporting directly to the Canada office and to Mr. Steve Lessack, President of Region "D" of Stewart Title. Shortly thereafter Maritza Quezada prohibited Plaintiff's direct supervisor, Yesika Rivera to go out for lunch with Plaintiff María Cruz Cruz.

52.  A few years afterwards the position of supervisor previously occupied by Mrs. Yesika Rivera was closed and Plaintiff was notified that from there on she would be under the supervision of Mrs. Maritza Quezada and had to follow her instructions.

53.  As soon as Mrs. Quezada started to supervise Plaintiff's working area she

proceeded to distribute most of the duties and responsibilities that Mrs. Yesika Rivera used to perform between Mrs. Vanessa Camacho who was 32 years old, who had only been  working at the Company for a year and half and had on higher salary them mine, and Mrs. Jahaira Ortega, who was 35 years old and had only been working for the company for six years .  This deliberate acts of Mrs. Quezada affected Plaintiff and made her feel left out for she was never considered as a resource to be able to perform any of said duties even though she had more seniority and experience than those employee to perform the same.

54.  In fact Plaintiff felt that she had been discriminated for employees who were younger than she was, that had less seniority and experience and had a higher salary than the one Plaintiff had, were assigned duties which Plaintiff had the capacity to perform. Plaintiff was not even asked if she could perform said duties.

55. Plaintiff found out that said employees would be performing said duties when she heard said employee speaking with regard to their new duties .

56.  During the ten (10) years that Plaintiff Cruz Cruz worked for the company she never received any raise in her salary but however defendants recruited other employees with higher salaries .

57.  Since Quezada started to supervise Plaintiff, she would never talk directly to Plaintiff and when Quezada entered the office where Plaintiff worked to give any instructions Quezada would not address Plaintiff.  She would only address the other employees and Plaintiff tried to talk to her Quezada would refuse hearing her.  Quezada exhibited this kind of attitude even when Plaintiff tried to explain to her the problems that she had with her computer.  This attitude  made Plaintiff feel that Quezada was rejecting

her due to her age.

58.   As explained above, Plaintiff Maria Cruz Cruz had never received any disciplinary action against her nor any Memo to her file nor had she been reprimanded for being late or for being absent to her work or for any inadequate behavior.

59.   The employees that worked in the same department with Plaintiff as Data Entry were Jahaira Ortega who was 35 years old; Millie Santiago who was 36 years old, and Vanessa Camacho who was 32 or 33 years old.

_____60.   The work environment deteriorated greatly as well as the reputation of the company due to the lack of direct contact with the clients, prompt service, knowledgeable personnel, among others.  This was because Maritza Quezada changed the procedures and prohibited direct contact with the client.

61.   Among the important events that occurred were the fact that attorney Pablo Dardet  was removed as President of the company on the middle of November, 2012 and afterwards on December 2012  attorney Jorge Ocasio, ex Registrar of the Property  also resigned.   Then on April 2013, Mr. Nicolás Dardet resigned to his position as Vice-president of the company.  All of them were the principal officers of the local company up to that moment.

62.   Then on Monday, October 7, 2013.  Plaintiff Luisa M. Rodriguez was asked to go to Mrs. Maritza Quezada's office where Mrs. Quezada's and Mrs. Mitrakos from Stewart's Human Resources Department were waiting to meet with her.

63.   At said meeting Plaintiff was unjustifiedly dismissed alleging that it was due to an economical reorganization.   However some of the younger employees at the department, with less seniority and experience, where Plaintiff used to work continued performing the same work that they had been performing before. Millie Santiago was also

dismissed with Plaintiff Maria Cruz because Millie was pregnant.

64.  It should be noted that before October 7, 2013 there was no indication that the company had any kind of economical reorganization and even after Plaintiff was dismissed as she has learned, defendants have incurred in multiple expenses of parties and payment of trips to executives that clearly reflect that there were not in fact any kind of need for an economical reorganization.  In fact they did not undergo an economical reorganization, they used that excuse to try to justify the dismissal of older employees with more seniority and experience than the ones that remained.  But to this date defendants have continued performing the same work that they performed when Plaintiff worked for them but with younger employees.

65.  Furthermore, a few months before, specifically at the end of March, 2013, all the employees had received monetary bonus of different quantities for each one, due to the gains received in 2012 and the successful year which the company had in 2012 .

66. During the meeting held with Plaintiff on October 7, 2013 she was handed a document titled Agreement for her to sign within the next 45 days and if she agreed to sign it they would pay her the salary of one month and the medical plan for one month. If she signed the Agreement she would be agreeing not to sue them for her dismissal and accept  said payment for all the years of her life that she had worked for the company.

67.  In looking back, after this meeting, Plaintiff began to realize that during the past months they had been trying to force her to resign and when she did not resign defendants decided to find an excuse to try to justify dismissing her and proceeded to do so.

68.  For many months defendant Quezada persecuted and discriminated against her by taking away from her many of the duties of Plaintiff's former position; giving

instructions as to work to be performed to the other employees in her area but not including her; Quezada would in many instances fail to answer Plaintiff's inquires when she requested some kind  of instruction or assistance.

69. As a result of her dismissal Plaintiff was left without a medical health plan and without the rest of the marginal benefits which she had.

70. All the pattern of discrimination, harassment, persecution and retaliation described in the present complaint has caused and continues to cause Plaintiff great economical damages as well as emotional and moral damages at this stage of her life, after having given more than eleven years of her life to work for defendants .

71. The work that Plaintiff used to perform continued to be performed by Mrs Vanessa Camacho, who was 32 years of age and had only been working at the company for a year and a half.  Moreover, even though originally Jahaira Ortega had been dismissed, shortly thereafter she was again recruited to work for defendants as Data Entry, but with a Contract for Professional Services that provided that she would be paid $12.00 per hour.  Yahaira had signed the settlement agreement provided to her at the moment of her dismissal and had accepted the amount tendered to her by defendant.

72.  However her new recruitment violated said agreement for the agreement clearly provided that she could no be recruited again.  At present Yahaira, who is 32 years old, is doing the same work that Plaintiff Maria Cruz Cruz used to perform before up to the date that Plaintiff was unjustly dismissed and which is also the same as the one that Yahaira had been doing before.

73.  If it had been truth that the dismissal was for economical reason defendants should have returned Plaintiff for she had more seniority and experience than Yahaira. Furthermore Plaintiff's salary was lower than Yahaira 's salary and if it had been true that

the dismissals were for economical reasons defendants should have retained and /or recruited Plaintiff Maria Cruz Cruz instead of Yahaira

74.  The alleged reorganization of defendants for economical reason was not real but instead it was a sham and / or pretext to discriminate against Plaintiff and other older employees due to their age.

75.  Due to defendants intentional actions and / or omissions Plaintiff has suffered serious economical and emotional damages for at this stage in her life it will be very difficult for her to obtain another job where she can obtain a reasonable income that will allow her to sustain herself and have the marginal benefits she used to have, and that will allow her to continue helping economically her daughter who has a medical condition  that does not allow her to work and who lives in the United States.

76**.** The facts described above clearly demonstrate the pattern of discrimination, persecution, violation of Plaintiff's constitutional rights, infliction of damages, as well as violation of other federal and state laws by defendants against Plaintiff which have caused and still continue to cause Plaintiff serious economical as well as psychological and/or moral damages.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION UNDER ADEA

77.  Plaintiff restates and re alleges each and every preceding allegation as if fully stated herein.

78.   Defendants, conduct acts and / or omissions in this case again Plaintiff constitutes willful discrimination on the basis of age in violation of the ADEA.

79.  As result of defendants discriminatory practices, Plaintiff has lost income and benefits for which defendants are liable, and also Plaintiff has suffered emotional

damages for which defendants are also liable and / or responsible.

80.  Plaintiff is entitled to be reinstated to her former position which she is fully capable of performing and has the experience and professional capacity to do so.

81. Defendants have been temerary in their action and thus this Honorable Court should impose them the payment of attorneys fees and costs.

## SECOND CAUSE OF ACTION:
## WILLFUL DISCRIMINATION UNDER ADEA

82.. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

83.  Co defendant Maritza Quezada's  discriminatory conduct as well as that of the rest of the defendants in this case constitutes a willful violation of the ADEA and,as a result thereof, defendant is liable to Plaintiff for liquidated damages

## THIRD CAUSE OF ACTION:
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

84.  Plaintiff repeats and realleges each and every preceding allegation as is fully stated herein.

85.  Defendant's conduct against Plaintiff  in this case constituted retaliation under Title VII, which makes unlawful for an employer to discriminate against an employee that opposes unlawful practices.

86   But for defendant's motive to retaliate against Plaintiff, she would not have been unduly transferred and demoted and finally, unjustifiedly dismissed therefore, depriving her of the benefits of her employment.

87.  Defendant's  retaliatory motive against Plaintiff was willful.

88  Plaintiff has suffered severe emotional and economical, damages, as well as

past and future loss of wages and employment benefits as a direct consequence of defendant's retaliation against her.

### FOURTH CAUSE OF ACTION:
### THE CIVIL RIGHTS ACT OF 1991

89. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

90. Defendant's discriminatory and retaliatory practices against Plaintiff as well as that of the rest of the defendants in this case were malicious and/or carried with reckless indifference and/or intentional. Thus, Plaintiff is entitled to receive punitive and compensatory damages.

### FIFTH CAUSE OF ACTION:
### AGE DISCRIMINATION UNDER P.R. LAW 100 AND OTHER LABOR STATE LAWS, THE CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO AS WELL AS OTHER STATE LAWS REGARDING DAMAGES

91. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

92. San Juan Abstract Corp now known as Stewart Title Puerto Rico, Inc., conduct as well as that of the rest of the defendants in this case constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as and as a result thereof defendant's are is liable to Plaintiff for emotional damages, back pay and double damages. Plaintiff is also entitled to be reinstated to her former position. Furthermore Plaintiff is entitled to payment of damages caused to her under the Puerto Rico Civil Code due to their negligent acts and/or omissions and for the violation of dispositions of the Constitution of the Commonwealth of Puerto Rico and is entitled to remedies provided by state labor laws.

### SIXTH CAUSE OF ACTION:
### RETALIATION UNDER PUERTO RICO LAW
### NO. 115 OF DECEMBER 20,1991

93.  Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

94.  Defendant's acts in this case constitutes retaliation in violation of Law No. 115 of December 20, 1991, and as a result thereof they are liable to Plaintiff for double damages.  They are also responsible for damages under the Puerto Rico C ivil Code.

### THEORIES OF RELIEF

For the reasons explained above Plaintiff hereby requests from this Honorable court that judgment be entered in her favor and against all codefendants in this case, including but not limited to the following relief:

a. An order directing Defendants's to reinstate Plaintiff to her former position and to cease and desist of any further discriminatory and retaliatory conduct on the basis of age, and retaliation against her.

b. Back pay, together with interest.

c. Lost benefits, both past and future.

d. An award of liquidated damages equal to twice the back pay lost by Plaintiff.

e.  Compensation due to plaintiff pursuant to Law 80 of May 30, 1976 as amended, of unjust dismissal or wrongful discharge

f.  An award of compensatory damages for the emotional suffering and distress resulting from defendant's discriminatory conduct in an amount not less than $2,500,000.00.

g.  Punitive damages for the amount of $1,000,000.00.

h. An award of double damages pursuant to Puerto Rico Laws 100, 69 and 115.

 i. An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements.

 j.. Any other remedy that this Court may deem just and proper.

 k All the acts of defendants of adverse employment actions toward Plaintiff Rodriguez in fact have been merely a pretext for the real and motivating factor was in fact the intentional discrimination against said Plaintiff.

 l.. In addition to everything requested above Plaintiff respectfully requests from this Honorable Court the payment of costs of this action, interests accrued, reasonable attorneys fees, as well any other remedy pursuant to state or federal law which is available to her even if it is not specifically requested in this complaint.

m. Defendants have been temerary and their actions have left Plaintiffs no other alternative but to file this complaint and therefore should be responsible for the costs and expenses incurred by the Plaintiff in these proceedings.

n. Plaintiff also request this Honorable Court the payment by defendants of back pays for amounts Plaintiff Rodriguez  would have earned had she been continued working and promoted, payment of wages, benefits lost and additional amounts as liquidated damages as provided by Federal and / or state laws..

o.  Any other relief which this Honorable Court deems just and proper even if not specifically asked in this complaint and/or pursuant to any other statute or law not specifically quoted herein.  This includes punitive damages if they are deemed

proper and just and damages for violation of constitutional rights, and other state laws applicable to this case.

95.  Plaintiff reserve her right to further amend this Complaint if deemed necessary to further supplement the allegations or request additional remedies. In addition Plaintiff reserve her rights to further amend this Complaint should it be needed according to the information obtained during the discovery proceedings.

**WHEREFORE** it is respectfully requested from this Honorable Court that this Complaint be granted in all its parts and the damages, penalties and punitive damages requested in it by Plaintiff be granted to her and in addition that costs, reasonable attorneys fees and interests accrued be also awarded to her, ordering all or some of defendants to pay said amount of money to them, jury trial is granted and that all defendants be ordered to pay Plaintiff  all the amounts hereby requested in this complaint as well as any other amount deemed just and proper pursuant to any federal or state law even if it was not specifically alleged in this complaint.  In addition it is respectfully requested that defendants are ordered to pay Plaintiff any damages pursuant to state and federal laws as well as any other remedy provided by said statutes although it has not been hereby specifically alleges.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 4 day of August, 2014.

**S/Rosa M. Nogueras de Gonzalez**
**ROSA M. NOGUERAS DE GONZALEZ (113707)**
**NOGUERAS DE GONZALEZ LAW OFFICE**
**Attorney for Plaintiffs**
P.O. Box 361503
San Juan, PR 00936-1503
Tel. (787) 766-1658 / Fax. (787) 764-0170
nduerasrm@onelinkpr.net